UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Doe (minor child) by and through his Guardian Jane Doe,<br>                Plaintiff,<br>v.<br>Nikki Haley, et al.,<br>                Defendants. | C/A No.: 8:13-01772-GRA<br><br>**OPINION AND ORDER<br>ON MOTIONS FOR<br>ENTRY OF SCHEDULING AND<br>CONFIDENTIALITY ORDERS** |

      This Court entered a Conference and Scheduling Order, ECF No. 60, on July 10, 2013. As required by Fed. R. Civ. P. 26(f), the parties met and conferred by telephone on July 29, 2013. *See* ECF No. 75. Despite this conference, the parties could not reach a resolution on a scheduling order and on the question of whether Defendants would be able to produce redacted documents in discovery or whether certain principles of confidentiality would permit Defendants to produce non-redacted documents. Plaintiff and Defendants submitted to this Court separate proposed amended scheduling orders, moved this Court to enter a confidentiality order, and submitted proposed confidentiality orders. Pl.'s Mot. for Entry of Confidentiality Order, ECF No. 77, & Defs.' Joint Mot. for Entry of Confidentiality Order, ECF No. 80.

      This Court conducted a hearing on August 29, 2013 to resolve the parties' scheduling and confidentiality disputes. This Court ruled from the bench, but indicated a written decision and order would issue with respect to Plaintiff's Motion for Entry of Confidentiality Order, ECF No. 77, and Defendants' Joint Motion for Entry of Confidentiality Order, ECF No. 80. This Court has considered the parties' proposed

Page 1 of 6

amended scheduling orders, motions for entry of confidentiality orders, memoranda in support, and the arguments of counsel at the hearing.

For the reasons set forth below, this Court determines that the original scheduling order, ECF No. 60, should stand and therefore declines to adopt either proposed amended scheduling order.  Additionally, this Court declines to adopt either parties' confidentiality order, and will issue its own confidentiality order.

## Background

The Amended Complaint, ECF No. 1-2, in this case was filed June 28, 2013.  It is an action brought by or on behalf of John Doe, a minor child in foster care in the custody of the South Carolina Department of Social Services. Plaintiff seeks compensatory and punitive damages.  Plaintiff asserts that Defendants' failed in their legal obligations, duties, and responsibilities to foster children placed in their care. Plaintiff claims that Defendants' policies, customs, patterns, or practices, as detailed in the Complaint, fail to comply with federal and state laws, and depart substantially from professional judgment, standards, and practice.

In Defendants' current motion, Defendants seek a confidentiality order allowing them to redact confidential information in documents produced to Plaintiff in discovery. To support the position that redaction is required, Defendants argue that their files are subject to protection under state statutory provisions governing the confidentiality of certain information in the South Carolina Child Welfare System.  Specifically, Defendants rely on the provisions of S.C. Code Ann. § 63-7-1990 and § 63-7-940, as well as Federal Rule of Civil Procedure 5.2.  Defendants have no objection to Plaintiff obtaining information regarding other minors involved in the subject incident, rather

Defendants argue that the information Plaintiff seeks concerning "all children, and all reporters of child abuse or neglect" is overbroad.

In Plaintiff's motion, Plaintiff argues non-redacted confidential information is necessary in order to determine the extent to which Defendants were on notice that AR, the alleged perpetrator of the attacks and sexual assaults underlying the claims in this action, posed a danger to other children so as to establish patterns and practices. Additionally, Plaintiff contends that federal law does not support the Defendants' position that relevant information may be withheld from discovery. Plaintiff believes that allowing Defendants to redact relevant information would be inconsistent with public policy to protect foster children. Finally, Plaintiff's counsel argues that entry of a proposed Confidentiality Order governing the confidentiality of information in discovery documents produced in this case will adequately address all of the Defendants' confidentiality concerns by strictly limiting disclosure outside the litigation in order to prevent further dissemination of the confidential information.

Discussion

The scope of discovery is broad. *See Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977). Federal Rule 26(b)(1) allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" as long as the information is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Confidentiality orders can promote the "full disclosure of all evidence that might conceivably be relevant." *United States v. Epstein*, No. 96 Civ. 8307 (DC), 1998 WL 67676 (S.D.N.Y. Feb. 19, 1998) (internal citation omitted); *see also Virmani v. Novant Health Inc.*, 259 F.3d 284, 287 n.4 (4th Cir.

2001) ("An appropriate protective order can alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case."). Alternatively, limited disclosure of relevant evidence occurs through a redaction process.

> Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, see Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.

*In re MI Windows & Doors, Inc. Products Liab. Litig.*, No. 2:12-mn-00001, 2013 WL 268206, at *2 (D.S.C. Jan. 24, 2013).

Defendants oppose full disclosure of evidence and non-redacted discovery in this case on the grounds that state statutes protect them from compelled disclosure. Defendants primarily rely on S.C. Code Ann. § 63-7-1990, which limits access to reports and information pertaining to children within the South Carolina Child Welfare System and identifies the purpose and entities entitled to receive these reports and information, along with imposing criminal misdemeanor penalties for unauthorized disclosure. S.C. Code Ann. § 63-7-1990(A)-(B). One provision in the statute allows disclosure to

> the parties to a court proceeding in which information in the records is legally relevant and necessary for the determination of an issue before the court, if before the disclosure the judge has reviewed the records in camera, has determined the relevancy and necessity of the disclosure, and has limited disclosure to legally relevant information under a protective order.

S.C. Code Ann. § 63-7-1990(B)(11). Defendants also rely on S.C. Code Ann. § 63-7-940 which limits access to information containing reports classified as unfounded contained in the statewide data system, and provides criminal misdemeanor penalties for disseminating this protected information. S.C. Code Ann. § 63-7-940(A)-(B). This

statutory provision limits access to these particular reports to certain listed purposes and entities including "as evidence in a court proceeding, if admissible under the rules of evidence as determined by a judge of competent jurisdiction." S.C. Code Ann. § 63-7-940(A)(4).  Additionally, Defendants are supported by Federal Rule of Civil Procedure 5.2 which provides privacy protection for names of individuals known to be minors.

This Court is mindful of the state's interest in protecting the private information of foster children and others involved in the foster care system.  Therefore, this Court concludes that it is appropriate for Defendants to redact information in accordance with Federal Rule of Civil Procedure 5.2, prior to disclosing discovery documents to Plaintiff. Defendants' redactions shall be made to protect the names and identifying information of individuals known to be minors or who are reporters of sexual abuse.  Outside of these limitations, Defendants may not unilaterally decide what further redactions are necessary.  If Defendants seek redactions beyond these limited circumstances, Defendants may file a motion for *in camera* review of the documents, clearly providing this Court with reasons and applicable law justifying further redactions.  In addition, upon receipt of the documents produced in discovery, Plaintiff may challenge the redactions by providing Defendants with a written notice clearly detailing Plaintiff's basis for the challenge.  Defendants shall have 15 days from service of the written notice to determine if the dispute may be resolved without judicial intervention and, if not, to move this Court for an Order confirming the redaction. Defendants' motion should clearly state their reasons for and the applicable law in support of the redaction.  This Court will then conduct an *in camera* review to determine whether redaction of the documents in issue is appropriate.

## Conclusion

After review, this Court declines to adopt either Plaintiff's or Defendants' proposed amended scheduling order and finds that the original Scheduling Order, ECF No. 60, stands. Additionally, this Court has decided to issue a confidentiality order to include, among other provisions, specific requirements relating to discovery material that may contain confidential information.

**IT IS THEREFORE ORDERED** that the original Conference and Scheduling Order should remain in effect.

**IT IS FURTHER ORDERED** that this Court denies Plaintiff's Motion for Entry of Confidentiality Order and also denies Defendants' Joint Motion for Entry of Confidentiality Order.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

September  5 , 2013
Anderson, South Carolina