UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Doe (minor child) by and through his Guardian, Jane Doe,<br><br>    Plaintiff,<br><br>v.<br><br>Nikki Haley, *et al.*,<br><br>    Defendants,<br><br>Julie Valentine Center,<br><br>    Interested Party. | C/A No.: 8:13-cv-01772-GRA<br><br>**ORDER**<br>(Written Opinion) |

  This matter comes before the Court on Defendants' Motion for a Protective Order and to Quash Subpoenas, ECF No. 98, and the Interested Party's Motion for a Protective Order and to Quash the October 4, 2013 Subpoena, ECF No. 107. Counsel for Plaintiff, Defendants, and the Interested Party presented oral arguments before this Court on November 25, 2013. Upon consideration of the written Motions, memoranda submitted in connection therewith, and arguments of counsel, the Court rules as follows:

  1.  The Defendants' Motion for a Protective Order and to Quash Subpoenas is GRANTED. Plaintiff is prohibited from inquiring into the personal and confidential matters requested in the subpoenas under Fed. R. Civ. P. 26(c)(1)(D), and the eight subpoenas at issue are quashed pursuant to Fed. R. Civ. P. 45(c)(3) as to any non-party individual other than those individuals identified by the initials W.C.S., W.S., M.C., K.A., and I.L.

2.   The Interested Party's Motion for a Protective Order and to Quash the October 4, 2013 Subpoena is GRANTED. Counsel for the Interested Party stated during the hearing that the Interested Party is willing to produce John Doe's file without medical or law enforcement records, and is also willing to produce records of I.L. and X.A. relating to their role as witnesses to the incident involving John Doe, as long as these records are covered under the Confidentiality Order, ECF No. 86, governing this case. The Interested Party is brought under the Confidentiality Order previously issued by the Court, and the Interested Party shall produce redacted versions of these records in accordance with the Confidentiality Order. The October 4, 2013 subpoena is quashed pursuant to Fed. R. Civ. P. 45(c)(3) to the extent that it seeks the production of the DVD of the interview of John Doe, the production of records for minors other than John Doe, I.L. and X.A., and the production of medical records belonging to Greenville Health Services or law enforcement records. Additionally, Plaintiff's counsel is prohibited from inquiring about children other than John Doe at the depositions of the Interested Party's current and former employees.

3.   Individual parties are not to have access to records that are turned over during the discovery process.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

November  25 , 2013
Anderson, South Carolina