UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Doe, *minor child, by and through his Guardian*, Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Nikki Haley, *et al.*,<br><br>Defendants. | C/A No.: 8:13-cv-01772-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this court on the Motion of Defendants Boys Home of the South, Inc., Vernon Hayes, Nicole Lindsey, Cynthia Brock, Richelle Owens, South Carolina Department of Social Services, Robin Kubler, Merry Eve Poole, Ursula Best, Cassandra Daniels, and Johnny Jones for Mental Examination of the Plaintiff. ECF No. 125. Pursuant to Rule 35(a), Fed. R. Civ. P., the Defendants request that this court order the Plaintiff to submit to a mental examination by their psychiatry expert, Avram H. Mack, M.D., and order the Plaintiff's guardian, Jane Doe, to produce the Plaintiff for the examination. *Id.* The Plaintiff initially consented to the proposed mental examination, but later withdrew his consent after the parties were unable to agree to certain terms relating to the examination, specifically the proposed length of the examination and the "limitations on the topics Dr. Mack may discuss with the Plaintiff during the examination." *Id.* "Plaintiff has agreed to present himself for a medical examination as there is good cause to require such an examination and the examination allows Defendants to evaluate Plaintiff's psychological and emotional damages." ECF No. 126.

"The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  The order "may be made only on motion for good cause and on notice to all parties and the person to be examined."  Fed. R. Civ. P. 35(a)(2)(A).  Additionally, the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(B).  "Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements . . . are necessarily related.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964) (citations omitted).  These requirements "are not met . . . by mere relevance to the case," but by "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."  *Id.* at 118.  This requires that "the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule."  *Id.* at 119.

Defendants assert, and Plaintiff concedes, that the "in controversy" and "good cause" requirements of Rule 35(a) are satisfied because the Plaintiff, in his Amended Complaint, ECF No. 1–2, has alleged that Defendants caused him to suffer "great and permanent mental harm and injury, . . . emotional distress, alteration of his lifestyle, psychological trauma, apprehension, anxiety, depression, embarrassment,

shame, and a loss of enjoyment of life, all resulting from the abuse he suffered," and that this "has and will in the future cause him to spend money for mental health treatment services."  ECF Nos. 1–2 & 125; *See, e.g., Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

As this case involves claims of negligence and asserts various mental injuries, this Court finds that mental injury is clearly in controversy and good cause exists for an examination to determine the existence and extent of the mental injury.  However, there is still disagreement between the parties relating to the terms of the examination.

Plaintiff's counsel argues that it is unreasonable "that Plaintiff, a fourteen year old child with attention deficit hyperactivity disorder (ADHD), endure a four hour 'conversation' with a medical doctor."  ECF No. 126.  Plaintiff's counsel wishes to present at the examination and wants the ability to terminate the examination if he feels the examination has become unduly difficult on the Plaintiff.  *Id.*  Plaintiff's counsel also objects to asking Plaintiff "about conversations with counsel and disclosures made to counsel."  *Id.*  Finally, Plaintiff's counsel objects to video-taping or audio-recording the examination, which Plaintiff's counsel believes to be an attempt "to obtain a second deposition of Plaintiff."  *Id.*

This Court acknowledges the concerns of Plaintiff's counsel and agrees that Dr. Mack should use the record in this case to "prepare himself and make more

efficient use of the time allotted to him by the Court." *Id.* However, this Court believes that four hours is appropriate as a maximum amount of time for the requested examination based on Dr. Mack's assessment, given his experience conducting psychiatric examinations of children and adolescents in legal matters, including children with ADHD. ECF No. 128–1. Due to Plaintiff's diagnosis of ADHD, the examination shall be divided into several sessions, no longer than one hour each, and additional breaks will be allowed at the Plaintiff's request. Plaintiff's counsel shall be present at the examination for the purposes of ensuring that the Plaintiff, a minor child, remains comfortable, but shall not unduly interfere in the examination. Plaintiff's counsel is permitted to end the examination if the examination becomes oppressive. If Plaintiff's counsel chooses to end the examination, then Plaintiff's counsel shall submit a motion to this Court stating the specific reasons why this examination was halted. Dr. Mack is a highly touted professional and this Court expects him and all other involved parties to act in a professional manner with the comfort of the child in mind. This examination shall not inquire into information that is covered by the attorney-client privilege. Finally, this Court believes that video-taping or audio-recording the examination is appropriate to preserve an accurate record of this examination. ECF Nos. 128 & 128–1.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Mental Examination is GRANTED. Plaintiff shall submit to a mental examination by Avram H. Mack, M.D., on Monday, December 30, 2013 at 10:00 am (or such other time as the parties may agree upon) at the office of Hite & Stone, 100 East Pickens Street, Abbeville, South Carolina 29620. The examination shall be conducted orally, shall

last no longer than four hours (exclusive of breaks), shall take place in a closed room in which only Plaintiff, Plaintiff's counsel, and Dr. Mack are present, and shall be recorded via either video or audio.  This examination shall be limited to issues relevant to this case, including whether the Plaintiff suffered any mental injuries as a result of the Defendants' conduct as alleged in the Amended Complaint, and shall not include inquiries about attorney-client privileged information.

**IT IS FURTHER ORDERED** that Plaintiff's guardian, Jane Doe, produce Plaintiff for the above-referenced examination.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

December  23 , 2013
Anderson, South Carolina