UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Doe, *minor child, by and through his Guardian*, Jane Doe, ) ) ) **Plaintiff**, ) ) v. ) ) South Carolina Department of Social Services, *et al.*, ) ) **Defendants**. ) | C/A No.: 8:13-cv-01772-GRA **ORDER** (Written Opinion) |

This matter comes before this Court on Plaintiff's Motion to Seal, Motion to Strike, Motion for a Protective Order, and Request for Expedited Relief. ECF No. 141. Plaintiff is asking this Court "for expedited relief in this motion because Defendants named one of Plaintiff's counsel in their motions for summary judgment as a victim of childhood sexual abuse." *Id.* Specifically, Defendants Boys Home of the South, Vernon Hayes, Nicole Lindsey, Cynthia Brock, and Richelle Owens published the name of Plaintiff's counsel as a victim of sexual abuse in their respective motions for summary judgment. *Id.*

Plaintiff argues that Defendants' inclusion of this information was "intentional and cannot be overlooked as a simple mistake." ECF No. 141. Plaintiff alleges that Defendants "would have simply redacted the name of Plaintiff's counsel" if they wanted to make a valid argument, but instead were trying to cause "undue embarrassment or harm" to Plaintiff's counsel. *Id.* Plaintiff "asks the Court to immediately seal" certain docket entries containing this information pending this Court's ruling and to use its inherent authority to strike the Motions for Summary

Judgment involved.  *Id.*  Plaintiff asks this Court to strike ECF Nos. 133-1, 133-14, 134-1, 135-1, 136-1, and 137-1 and award sanctions on the basis that "Defendants included irrelevant and confidential information about Plaintiff's counsel" solely to "embarrass, shame, and humiliate counsel for Plaintiff."  *Id.*  Alternatively, Plaintiff seeks a protective order under Fed. R. Civ. P. 5.2(e) requiring redaction of the confidential information.  *Id.*  Lastly, Plaintiff seeks "any other relief necessary in order to deter similar violations by Defendants and others similarly situated."  *Id.*  (citations omitted).

Defendants, in their response, argue that this matter could have been resolved between the parties if Plaintiff's counsel had contacted Defendants and asked Defendants to file redacted documents.  ECF No. 144.  Defendants also point out that revised documents have already been filed identifying Plaintiff's counsel as "Mr. XXX" as a "courtesy" to the Plaintiff.  *Id.*  Defendants flatly deny that they acted with "malice or any intent to embarrass, harass, smear, or otherwise cause harm to Plaintiff's counsel."  *Id.*  Defendants assert two purposes for their inclusion of references to the childhood sexual assault of Plaintiff's counsel.  *Id.*  First, Defendants point out that Plaintiff only disclosed "that he had been digitally penetrated by AR" after Plaintiff's counsel described his own experience to Plaintiff, which Defendants believe "suggests that the Plaintiff altered his story in response to his attorney's disclosure."  *Id.*  Second, Defendants argue that "[t]he fact that one of the Plaintiff's attorneys was the victim of a sexual assault as a child yet went on to have a successful career is unquestionably relevant to the issue of damages" as it tends to discredit Plaintiff's claim that his alleged sexual assault will result in a loss of earning capacity.  *Id.*

Defendants believe that sanctions are inappropriate based on these alleged "legitimate reasons." *Id.*  Finally, Defendants argue that the disclosure of this information does not violate this Court's Confidentiality Order, ECF No. 86, as the information is not covered by the Confidentiality Order as it does not involve confidential information, defined by the Order to include the identities of "Plaintiff, Plaintiff's guardian, the minor identified . . . as AR, other minors involved in the incident . . . and reporters of abuse or neglect involved in the action" nor does it entail "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number."  ECF Nos. 86 & 144.

Plaintiff, in reply to Defendants, asserts that the mentions of the sexual assault of Plaintiff's counsel was "not a simple redaction error" based on a clerical errors, but was improper conduct by Defendants.  ECF No. 147.  Plaintiff contends that redaction will not fully remedy the issue as "Defendants' use of descriptive information, such as gender and the length of counsel's name" will still allow readers to identify Plaintiff's counsel.  *Id.*  Finally, Plaintiff presents a brief and compelling argument that the disclosure of this incident involving Plaintiff's counsel, which was only disclosed to Defendants through the notes of Dr. Goetz, is not at all relevant to the issue of damages in this case.  *Id.*

Defendants' counsel have acted without a shred of civility in disclosing this information and have violated the South Carolina Lawyer's Oath which pledges "fairness, integrity, and civility, not only in court, but also in all written and oral communications."  SCACR Rule 402.  Defendants' alleged reason for including this

information, to suggest that "Plaintiff altered his story in response to his attorney's disclosure," ECF No. 144, does not justify the inclusion of this information when the same argument could have been made without specifically naming Plaintiff's counsel. Additionally, this Court is exceptionally wary of Defendants' second excuse, that this information is relevant to the issue of damages.  At this point, this Court does not believe that the inclusion of this information is relevant in any way, in this case.  This Court, pursuant to Rule 5.2(e) of the Federal Rules of Civil Procedure, orders Defendants to redact the name of Plaintiff's counsel to the extent that they have not already done so, to remove any and all unnecessary identifying information, and to take steps to avoid including any unnecessary identifying information in future filings with this Court.  Additionally, Defendants are warned that any future actions in this case that display the same flippant attitude will result in this Court's issuance of an order to show cause why they should not be subjected to severe sanctions.  From the very beginning, this case has been a perfect illustration of the sort of uncivil and imprudent behavior that continues to place the legal profession in a negative light, and this Court refuses to further babysit the twenty-four attorneys involved in this matter.

      **IT IS THEREFORE ORDERED** that Defendants shall redact any references to the childhood sexual assault of Plaintiff's counsel that identify Plaintiff's counsel by name and remove any unnecessary identifying information.

      **IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January  9 , 2013
Anderson, South Carolina