# THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| JOHN DOE (minor child) by and through his Guardian JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>NIKKI HALEY, et al.,<br><br>Defendants. | Civil Action No.: 13-CV-01772-GRA<br><br>**PLAINTIFF'S CONSENT MOTION FOR LEAVE TO FILE UNREDACTED DOCUMENT UNDER SEAL AND TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT** |

Plaintiff John Doe, by and through his Guardian Jane Doe, with the consent of Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best (the "SCDSS Defendants"), respectfully ask the Court for leave to file under seal the unredacted form of Jane Doe's Petition To Approve a Minor Settlement (the "Petition") and to maintain the confidentiality of the dollar figures redacted from the Petition. A redacted form of the Petition, showing the parts of the Petition that the parties wish to keep confidential, is attached as **Exhibit A** to this motion. With the Court's leave, the redacted Petition would be filed in the public record, and the unredacted version would be filed under seal.

The motion is made pursuant to D.S.C. Local Rule 1.02, which allows any other Local Civil Rule to be modified or suspended for good cause shown in a particular case, as well as Local Rule 5.03, which sets forth the procedure for filing documents under seal. This motion – and the redacted portions of the document that is the subject of it – meet the factors for sealing a document set out by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), and *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Specifically:

    1.    Public notice of the request to seal and opportunity to object is afforded by virtue

of this publicly filed motion and the description of subject document in the motion and in the chart below.

2. The parts of the Petition that the parties wish to keep confidential are the specific dollar amount of the settlement and other dollar figures in the Petition from which the settlement amount could be calculated, as shown by the redactions in **Exhibit A**. Pursuant to Local Rule 5.03(C), the unredacted Petition disclosing the dollar amounts is separately submitted with the motion in a sealed envelope for review by the Court *in camera*. With the Court's leave, the redacted form would be filed in the public record, and the unredacted form would be filed under seal with the Court for *in camera* review. Thus, only the confidential settlement amount and other particular dollar figures from which the settlement amount could be deduced would be kept out of the public record. Nothing else about this settlement will be secret, and the Order sought will not result in the destruction, removal, or sealing of any evidence of alleged wrongdoing. This is the least restrictive means of protecting the confidential information.

3. There is good reason to seal the requested document.

(a) Plaintiff is a foster child who lives with his paternal aunt and uncle. Plaintiff's biological parents have not had their rights terminated and they failed to follow any family court ordered treatment plans when Plaintiff was in SCDSS custody. The Abbeville County Family Court made a finding of fact that "[t]he Child John Doe should not be returned to…[his biological parents]…at this time because it would present an unreasonable risk of harm to the [Plaintiff]'s life, physical health or safety, or mental well-being." Petition for Minor Settlement, Exhibit 1, *3. Plaintiff also hails from a small community with a population of just under 2,000. The Plaintiff and the Settling Defendants believe that publicity of the settlement amount could be detrimental to the Plaintiff, an emotionally vulnerable minor who has been through the traumatic

experiences that are the subject of this litigation, and a confidentiality order in this instance will protect the minor child from opportunistic relatives and members in the community. As Judge Joseph Anderson recognized in his important article on court-enforced confidentiality, Local Rule 1.02 "preserv[es] the ability of the presiding judge to seal a settlement when, for example, … a particularly vulnerable party needs to be shielded from the glare of an otherwise newsworthy settlement." J. Anderson, *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C.L. Rev. 711, 723 (2004). The entire passage from Judge Anderson's article in which the above quotation appears reads as follows:

> "While at first blush Rule 5.03([E]), as adopted, may appear to be rigid and inflexible, admitting no exceptions, it must be read in conjunction with another local rule that provides an escape valve for cases for which a legitimate need for court-ordered secrecy can be demonstrated. Local Rule 1.02 provides that '[f]or good cause shown in a particular case, the court may suspend or modify any local rule.' Read together, Local Rules 1.02 and 5.03([E]) establish a preference for openness at settlement, while still preserving the ability of the presiding judge to seal a settlement when, for example, proprietary information or trade secrets need to be protected, or a particularly vulnerable party needs to be shielded from the glare of an otherwise newsworthy settlement."

(b) Jane Doe actively participated in mediation, listened to counsel, voiced her concerns about how the trial of the case would proceed, and she made the ultimate decision to settle. The minor Plaintiff, by his guardian Jane Doe, strongly believes the settlement amount is of significant value, in the best interest of the minor Plaintiff, and a reasonable resolution of his claims against the SCDSS defendants, even if conditioned on non-disclosure of the amount. In considering the risks and expenses of trial, including the factual and legal defenses asserted by the Settling Defendants, possible appeal of even a successful jury verdict, and the emotional and psychological costs of requiring the minor child to testify about the sexual abuse incident, the minor Plaintiff's guardian Jane Doe believes the settlement is reasonable and of significant value, in terms of the opportunity brought by the settlement funds for treatment, education and

opportunities to help the minor Plaintiff to succeed in life. Importantly, the Plaintiff is a minor, and while his identity has been protected as much as possible pursuant to the protective order issued in this case, public disclosure of the settlement amount may bring additional undesired publicity to Plaintiff's case and the circumstances of his abuse that are the subject of this lawsuit and could risk compromising the minor Plaintiff's identity. Additionally, sealing the settlement amount also provides additional protection for the minor Plaintiff from those who may wish to either influence the use of the proceeds of the settlement or even seek to invade it.

(c)     Furthermore, approval of this settlement will end all litigation. Thus, the present opportunity to settle with these Defendants weighs in favor of settlement as conditioned. The current situation is totally different from the abuses of secret settlements which led to the rule change in Local Rule 5.03, where for example the manufacturer of an allegedly defective and dangerous product was continuing to market the product, or where a doctor accused of malpractice was continuing to practice medicine, and secret settlements were used to conceal evidence of the dangers posed by them to the public safety.

(d)     Lastly, the settlement amount involves a private settlement of claims arising from alleged sexual events and the denial of mental health treatment that are so private in nature that the Plaintiff's identity is protected by both pseudonym and a protective order. In short, none of the abuses which led to the adoption of Local Rule 5.03(E), which are summarized in Judge Anderson's article, are implicated by this motion. As Judge Anderson notes in his article, when none of the other negative aspects of secret settlements (such as destruction of evidence or vacatur of prior court orders) are involved, "I have no real objection to keeping the amount of settlement confidential in most cases." *Id.* at 742.

For these reasons, the Plaintiff respectfully requests that the Court grant this motion and permit Plaintiff to file the Petition for Approval of Minor Settlement in redacted form in the public record and submit it for *in chambers* review in unredacted form under seal. Plaintiff further requests that the Court order that the amount of the settlement and the attorneys' fees that are calculated as a percentage of settlement not be disclosed in any open court hearing.

## **CERTIFICATIONS**

Counsel hereby certifies that the Plaintiff has complied with Local Rule 5.03. Specifically, this motion (1) identifies with specificity the document that is the subject of this motion; (2) states the reasons why sealing is necessary; (3) explains why less drastic alternatives to sealing would not afford adequate protection; and (4) addresses the factors concerning sealing set out in controlling case law. Counsel further certifies that the SCDSS Defendants consent to this request.

Respectfully Submitted,

_____
Robert J. Butcher
The Camden Law Firm, PA
509 Walnut Street
Camden, South Carolina 29020
P.O. Box 610
Camden, South Carolina 29021
Telephone: (803) 432-7599
Facsimile: (803) 432-7499
Email: rbutcher@camdensc-law.com

Thomas E. Hite Jr.
Heather Hite Stone
Hite & Stone
100 East Pickens Street

P.O. Box 805  
Abbeville, SC 29620  
Telephone: (864) 366-5400  
Facsimile: (864) 366-2638  
Email: heatherstone@wctel.net  

Marcia Robinson Lowry, *admitted pro hac vice*  
Ira Lustbader, *admitted pro hac vice*  
Aaron Finch, *admitted pro hac vice*  
Kathryn Wood, *admitted pro hac vice*  
Laurence Borten, *admitted pro hac vice*  
Sarah T. Russo, *admitted pro hac vice*  
Children's Rights, Inc.  
330 Seventh Avenue  
New York, NY 10001  
Telephone: (212) 683-2210  
Facsimile: (212) 683-4015  
Email: mlowry@childrensrights.org  

Attorneys for Plaintiff John Doe

Camden, South Carolina  
March 28, 2014

**Documents to be Filed under Seal**

| Document | Non-confidential Description |
|---|---|
| Exhibit A | Jane Doe's Petition To Approve a Minor Settlement (unredacted to show dollar amounts redacted in copy attached as Exhibit A to this motion) |

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on March 28, 2014, I electronically filed the foregoing document with the United States District Court for the District of South Carolina, Anderson/Greenwood Division, and it is available for viewing and downloading from the ECF system for all counsel of record. I further certify that on this day I caused to be served, via ECF, a copy of said document to the attorneys of record listed below:

Curtis W Dowling
Matthew Gregory Gerrald
Barnes Alford Stork and Johnson
PO Box 8448
Columbia, SC 29202
803-799-1111
803-254-1335 (fax)
curtis@basjlaw.com
matt@basjlaw.com

Patrick John Frawley
Nicholson Davis Frawley Anderson and Ayer
PO Box 489
Lexington, SC 29071-0489
803-359-2512
803-359-7478 (fax)
pat@oldcourthouse.com

James William Logan, Jr
Logan Jolly and Smith
PO Box 259
Anderson, SC 29621
864-226-1910
864-226-1931 (fax)
logan@loganjollysmith.com

Andrew S. Halio
Halio & Halio
P.O. Box 747
Charleston, SC  29402-0747
843-577-5200
ashalio@bellsouth.net



_____
Robert J. Butcher
The Camden Law Firm, PA
509 Walnut Street
Camden, South Carolina 29020
P.O. Box 610
Camden, South Carolina 29021
Telephone: (803) 432-7599
Facsimile: (803) 432-7499
Email: rbutcher@camdensc-law.com