# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

JOHN DOE (minor child) by and through his
Guardian JANE DOE,

                             Plaintiff,

v.

NIKKI HALEY, et al.,

                           Defendants.

Civil Action No.: 8:13-CV-01772-GRA

**Jane Doe's Petition to
Approve a Minor Settlement**

TO:  Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, Ursula Best and their respective attorneys:

Plaintiff has settled all claims with Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best.

The Court has already appointed Jane Doe as John Doe's guardian ad litem for purposes of the settlement with BHOTS. Dkt. No. 203. Petitioner now asks the Court to approve a settlement for John Doe, a minor child, who has settled all claims against Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best. The funds for John Doe will be placed in a discretionary trust and an educational trust for his benefit.

## I.  Legal and factual basis of Jane Doe's authority to seek settlement approval.

At the time this matter was filed, Jane Doe was John Doe's maternal aunt and foster mother.  The Abbeville County Family Court has determined that Plaintiff John Doe's parents should not have custody of the minor child.  Dkt. No. 175 and 175-1.

Other facts which show good cause for the Court to appoint Jane Doe as the guardian ad litem for John Doe include:

- Jane Doe is John Doe's guardian and protector;

- Jane Doe has had physical custody of John Doe since March 28, 2012;

- Jane Doe has provided for the health, safety, care, and nourishment of John Doe since this time;

- The Abbeville County Family Court made a finding of fact that Jane Doe should be responsible for the care and custody of John Doe, and it became the family court's order. Dkt. No. 175-1.

For these reasons, Petitioner Jane Doe asks the Court to find good cause to appoint her as the guardian ad litem for John Doe.

## II.    The nature of the action.

On April 1, 2013 Plaintiff filed suit against the SCDSS and BHOTS.  An amended complaint was filed on May 30, 2013 and Defendants removed this case to the United States District Court for the District of South Carolina on June 28, 2013. In the suit, Plaintiff John Doe claimed that he was allegedly sexually abused while in foster care by another foster child, A.R.  Dkt. #1-2. The Plaintiffs further alleged that the sexual abuse was preventable because the SCDSS (and its employee defendants) and BHOTS (and its employee defendants) allegedly had notice and knowledge that A.R. had a history of sexually acting out with other young boys. Plaintiffs alleged inadequate supervision at BHOTS. Plaintiff also alleged that the Defendants failed to provide Plaintiff with urgently needed medical and mental health treatment after the alleged abuse.  Plaintiffs alleged negligence and gross

2

negligence based tort claims and constitutional claims under 42 U.S.C. § 1983 against all Defendants.  Dkt. #1-2, *29 – 32. Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best have denied liability in this matter and asserted various defenses under state and federal law.

### III.    The state of the proceedings at the time of settlement.

The Court has been fully briefed on the nature of the case, Plaintiff's allegations, and the Defendants' defenses and allegations. Dkt. No. 132 – 138; 158 – 165. Jury selection is scheduled for April 7, 2014 and trial will begin April 21, 2014, if this settlement is not approved.  Dkt. No. 195.

### IV.    The nature and extent of injuries.

The extent of John Doe's injuries are emotional/psychological and include pain and suffering.  There are projected future damages that have been reviewed and opined upon by a vocational expert, a psychologist, a life care planner, and an economist.  This settlement is in consideration of any injuries related the attack and sexual assault on Plaintiff, and the failure to provide Plaintiff with urgently needed mental health treatment after the attack and assault, all of which these injuries are disputed.  Dkt. #1-2, Amended Complaint.

### V.    Factors influencing the decision to settle the claim.

Plaintiff's claims were hotly contested by all Defendants.  The injuries to Plaintiff and the filing of this case followed the Fourth Circuit's decision in *Doe ex rel Johnson v. S.C. Dept. Soc. Svcs.*, 597 F.3d 163 (4th Cir, 2010) concerning the alleged violation of rights asserted in this case on behalf of a foster child in state custody in which the Defendants are alleged to have had notice and knowledge of an

3

obvious danger and ignored those dangers, resulting in injury, exposing the individual SCDSS Defendants, Merry Eve Poole, Cassandra Daniels, and Ursula Best, to the potential of uncapped damages, punitive damages, and attorney's fees and costs.

Plaintiff has also considered evidentiary issues, proof issues, cost of prosecution, and the psychological and emotional toll on Plaintiff, should he have to testify again about the incident. Jane Doe actively participated in the mediation, listened to counsel, voiced her concerns about how the trial of the case would proceed, and she made the ultimate decision to settle.

**VI.    The amounts and nature of any insurance coverage relevant to the action.**

The parties that settled, Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best, were provided attorneys through the South Carolina Budget and Control Board's Insurance Reserve Fund (IRF). Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best were all provided insurance coverage through the IRF. Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best had $1,000,000.00 in coverage for all tort claims, with limitations of $300,000.00/$600,000.00 for all claims subject to the South Carolina Tort Claims Act. Plaintiff's constitutional claims under 42 U.S.C. § 1983 and negligence/gross negligence tort claims against individual employees have no cap, leave a possibility of punitive damages, and attorney's fees and costs for the § 1983 claims.

**VII.   The names of any creditors and amounts of their claims.**

Plaintiff previously disclosed the amount of all Medicaid liens and the amounts owed were accounted for in Plaintiff's previous Petition for a Minor Settlement and the Court's order granting relief. Dkt. No. 175 and 203. Any new debts owed to Medicaid will be paid by Plaintiff's trust.

**VIII.  The amount and terms of the settlement and detailed explanation of how proceeds will be distributed.**

Plaintiffs have agreed to a general release of all claims in exchange for $███████ by Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best in consideration of all of Plaintiff's disputed damages.

Below is a breakdown of how the proceeds will be distributed:

| Name/Entity | Purpose of Distribution | Total |
|---|---|---|
| Discretionary and Education Trust | For the benefit of John Doe | $██████ |
| The Camden Law Firm, PA | 1/3 of Contingency Fee Per Fee Splitting Agreement | $██████ |
| Hite & Stone | 1/3 of Contingency Fee Per Fee Splitting Agreement | $██████ |
| Children's Rights | 1/3 of Contingency Fee Per Fee Splitting Agreement | $██████ |
| The Camden Law Firm, PA | Costs | $4,200.00 |
| Hite & Stone | Costs | $2,481.38 |
| Children's Rights | Costs | $10,415.20 |
| Theodore Goetz, Ph.D. | Counseling and Psychological Services | $90.00 |

Jane Doe signed a written fee splitting agreement when counsel was retained.

### IX.    The nature of the release to be given.

A receipt and release is given by the Petitioner on behalf of John Doe, which is binding on the minor and his heirs, executors, administrators and assigns, releasing and forever discharging Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best, their agents, servants, employees, former employees, and their heirs, successors and assigns and all other persons, firms, governmental entities, and corporations of and from any claim, suits, demand, or cause of action, state or federal, arising from or by reason of any known and/or unknown, foreseen and/or unforeseen injuries, lost wages, medical expenses, mental anguish, pain and suffering, and any other damages of any kind to him and the consequences thereof resulting and to result from any matter or thing which has happened, developed or occurred before the signing of this Release, and particularly, but not in limitation of any of the foregoing general terms, because of Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best involvement in the placement of A.R. with the John Doe from May 2010 – June 2011 , and as more fully described in the Amended Complaint for federal Civil Action Number: 8:13-cv-01772-GRA (formerly South Carolina Civil Action Number: 2013-CP-01-0104).  Plaintiff dismisses all counts with prejudice. In consideration of this settlement, Plaintiff specifically dismisses all counts in the amended complaint with prejudice and any and all possible claims, suits, demands, or causes of action against Defendants SCDSS, Merry Eve Poole, Cassandra Daniels, and Ursula Best.

**X.     The status of any other actions arising out of the same incident which have been or may be filed and the impact on the fairness of any settlement in this action.**

There are no other lawsuits related to this matter.  Approval of the settlement would end the litigation.

**XI.     Known, anticipated, or potential disputes as to the distribution of proceeds or approval of the settlement.**

There are no known, anticipated, or potential disputes as to the distributions of proceeds or approval of the settlement.

**XII.     Set forth the amount of attorneys' fees and costs.**

Attorney's fees and costs and future costs for the prosecution of the remainder of this lawsuit are listed above in Part VIII.  Attorney's fees are $███████ for a one-third contingency fee.  There will be no additional attorney's fees for the trust attorney, Peter Manning, Esq., to add these funds to the trusts established in this settlement.

**XIII.  Petitioner's statement.**

Jane Doe believes that the amount and terms of the settlement as well as the costs and fees are fair and reasonable and she asks the Court to approve the minor settlement.

**XIV.  S.C. Code Ann. § 62-5-433.**

In accordance with S.C. Code Ann. § 62-5-433 there are no known, anticipated, or potential disputes as to the distributions of proceeds or approval of the settlement.

7

Respectfully Submitted,



_____
Robert J. Butcher
The Camden Law Firm, PA
509 Walnut Street
Camden, South Carolina 29020
P.O. Box 610
Camden, South Carolina 29021
Telephone: (803) 432-7599
Facsimile: (803) 432-7499
Email: rbutcher@camdensc-law.com

Thomas E. Hite Jr.
Heather Hite Stone
Hite & Stone
100 East Pickens Street
P.O. Box 805
Abbeville, SC 29620
Telephone: (864) 366-5400
Facsimile: (864) 366-2638
Email: heatherstone@wctel.net

Marcia Robinson Lowry, *admitted pro hac vice*
Ira Lustbader, *admitted pro hac vice*
Aaron Finch, *admitted pro hac vice*
Kathryn Wood, *admitted pro hac vice*
Laurence Borten, *admitted pro hac vice*
Sarah T. Russo, *admitted pro hac vice*
Children's Rights, Inc.
330 Seventh Avenue
New York, NY 10001
Telephone: (212) 683-2210
Facsimile: (212) 683-4015
Email: mlowry@childrensrights.org

Attorneys for Plaintiff John Doe

Camden, South Carolina
March 28, 2014

8

### THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

JOHN DOE (minor child) by and through his
Guardian JANE DOE,

                                    Plaintiff,

v.

NIKKI HALEY, et al.,

                                    Defendants.

Civil Action No.: 13-CV-01772-GRA

**VERIFICATION**

PERSONALLY appeared before me Jamie Willoughby who being duly sworn

says that she is the plaintiff and the guardian ad litem for John Doe, that she has read

the foregoing **Petition to Approve Minor Settlement on Behalf of John Doe**, and that she

knows of her own knowledge that the allegations contained therein are true, except so

much thereof as is alleged upon information and belief, and as to them she believes

them to be true.



SWORN TO and subscribed before me

this ⟨28⟩ day of March, 2014.

_____

NOTARY PUBLIC FOR SOUTH CAROLINA

My commission expires ⟨9/17/14⟩

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 28, 2014, I electronically filed the foregoing document with the United States District Court for the District of South Carolina, Anderson/Greenwood Division, and it is available for viewing and downloading from the ECF system for all counsel of record.  I further certify that on this day I caused to be served, via ECF, a copy of said document to the attorneys of record listed below:

Curtis W Dowling
Matthew Gregory Gerrald
Barnes Alford Stork and Johnson
PO Box 8448
Columbia, SC 29202
803-799-1111
803-254-1335 (fax)
curtis@basjlaw.com
matt@basjlaw.com

Patrick John Frawley
Nicholson Davis Frawley Anderson and Ayer
PO Box 489
Lexington, SC 29071-0489
803-359-2512
803-359-7478 (fax)
pat@oldcourthouse.com

James William Logan, Jr
Logan Jolly and Smith
PO Box 259
Anderson, SC 29621
864-226-1910
864-226-1931 (fax)
logan@loganjollysmith.com

Andrew S. Halio
Halio & Halio
P.O. Box 747
Charleston, SC  29402-0747
843-577-5200
ashalio@bellsouth.net



_____
Robert J. Butcher
The Camden Law Firm, PA
509 Walnut Street
Camden, South Carolina 29020
P.O. Box 610
Camden, South Carolina 29021
Telephone: (803) 432-7599
Facsimile: (803) 432-7499
Email: rbutcher@camdensc-law.com